IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

HENRY RASULALLAH                                      PLAINTIFF

v.                              No. 3:25-cv-157-DPM

LARRY CRAIN, JR., Owner, Crain
Chevrolet and GM FINANCIAL                           DEFENDANTS

### ORDER

1.    Larry Crain moves to dismiss for lack of subject matter jurisdiction and bad service.

2.    The Court has federal question jurisdiction.  28 U.S.C. § 1331. Read generously, Rasulallah's *pro se* complaint states a plausible claim for race-based discrimination in the enforcement of contract rights in violation of 42 U.S.C. § 1981(b) & (c). (Whether this claim is really against the dealership, rather than Larry Crain, is an open question.) Rasulallah didn't cite this statute, but he makes clear that his claim is rooted in the Fourteenth Amendment.  The statute implements the Amendment's equal protection principle.  Rasulallah may have stated plausible state claims, too.  The § 1981 claim gives this Court subject matter jurisdiction.

3.    There are service problems.  The Court dismisses GM Financial without prejudice.  Rasulallah's time to serve that lender

expired five months ago. No proof of service, or attempted service, has been filed.

4.     Rasulallah attempted service on Larry Crain by mail. His effort, though, was clearly insufficient. The suit papers weren't sent restricted delivery, return receipt requested; and they were addressed to the dealership — not Larry Crain. Ark. R. Civ. P. 4(g)(1)(A(i). But, the process made its way (eventually and informally) to Crain Chevrolet's registered agent. Larry Crain filed a timely motion to dismiss, which was prudent and proper. His motion is granted — without prejudice — on the service issue.

5.     Rasulallah has tried, albeit imperfectly, to serve his lawsuit on Mr. Crain within the time allowed. *Doc. 2 & 4.* That effort provides good cause to reopen and extend Rasulallah's time for service. He's entitled to one more opportunity to complete service in compliance with the applicable Rules of Civil Procedure. Fed. R. Civ. P. 4(e); Ark. R. Civ. P. 4(f)(1) & (g)(1). Even though he is proceeding *pro se*, Rasulallah must comply with the Court's rules.

\*

GM Financial is dismissed without prejudice on the Court's own motion for lack of service. Larry Crain's motion, *Doc. 5*, is denied on jurisdiction and granted, but without prejudice, on service. The Court reopens and extends Rasulallah's time to serve Larry Crain. In the interests of efficient judicial administration, the Court also grants

Rasulallah permission to file a pre-service amended complaint naming Crain Chevrolet instead of Mr. Crain.  Any amended complaint must be filed by 22 May 2026.  The Court directs the Clerk, in due course, to reissue summons to Larry Crain or to issue summons to Crain Chevrolet, depending on whether Rasulallah decides to file an amended complaint.  Rasulallah must make good service of the original complaint and reissued summons on Larry Crain, or of any amended complaint and summons on Crain Chevrolet, by 26 June 2026.  This is Rasulallah's last chance to keep this case going and move it forward.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_____
8 May 2026